UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY SCOVILL and KODY MAYNARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIEMENS MOBILITY, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:25-cv-01081-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Defendant Siemens Mobility, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 8.) Plaintiffs Shelby Scovill and Kody Maynard (collectively, "Plaintiffs") submitted an opposition. (ECF No. 19.) Defendant filed a reply. (ECF No. 20.) For the reasons set forth below, Defendant's motion is GRANTED with leave to amend the Complaint.

///

///

///

///

///

## I. Factual and Procedural Background

The instant putative class action arises from Plaintiffs' alleged exposure to unsafe levels of hexavalent chromium ("Cr(VI)") fumes during the course of their employment. (*See* ECF No. 7.) Plaintiffs were welders for Defendant at its Sacramento factory and performed welding on chrome stainless steel. (*Id.* at 2–3, 5.) Plaintiffs allege this process caused Cr(VI) fumes to be released into the air, inhaled by Plaintiffs and workers, and settled onto surfaces throughout the facility, which created a hazardous work environment. (*Id*. at 5.) Cr(VI) is a highly toxic substance that poses severe health risks to humans. (*Id*.) Exposure to Cr(VI) is known to cause respiratory damage, nosebleeds, lung and nasal cancer, kidney damage, cardiovascular issues, reproductive harm, and long-term neurological impairment. (*Id*.)

Plaintiffs further allege they were assured by Defendant that their exposure to welding fumes was safe. (*Id.* at 5–6.) According to Plaintiffs, Defendant issued protective equipment, but they only filtered particulates and did not protect against the toxic Cr(VI) fumes. (*Id*. at 5–6.) Plaintiffs allege they raised concerns to Defendant about air quality, respiratory symptoms, and the effectiveness of their protective equipment, but Defendant repeatedly assured them working conditions were safe, took no action to mitigate exposure, or provide necessary protective equipment. (*Id*. at 6.) Lastly, Plaintiffs allege they continued working in hazardous conditions because of Defendant's failure to disclose the danger of Cr(VI) exposure and Defendant's misrepresentations regarding workplace safety. (*Id*.)

On February 25, 2025, Plaintiffs filed this action in Sacramento County Superior Court. (ECF No. 1-2 at 5–13.) On April 11, 2025, Defendant removed the action to this Court. (ECF No. 1.) On May 16, 2025, Plaintiffs filed the operative First Amended Complaint ("FAC"), alleging a single negligence claim. (ECF No. 7.) On May 30, 2025, Defendant filed the instant motion to dismiss. (ECF No. 8.)

## II. Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. ANALYSIS

Defendant moves to dismiss Plaintiffs' Complaint in its entirety, arguing the cause of action is barred by California Labor Code § 3602 and Plaintiffs have not pleaded the fraudulent concealment exception. (ECF No. 8 at 4–5.) California Labor Code § 3602 provides that workers' compensation is "the sole and exclusive remedy of the employee . . . against the employer," except for certain statutory exceptions. The fraudulent concealment exception applies when "the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment." *Id.* § 3602(b)(2). To recover under this exception, a plaintiff must establish: "(1) the employer knew of the plaintiff's work-related injury; (2) the employer concealed the knowledge from the plaintiff; and (3) the injury was aggravated as a result of such concealment."[1] *Silas v. Arden*, 213 Cal. App. 4th 75, 91 (2012).

///

[1] The Court notes that fraudulent concealment must be pleaded with specificity. "In federal court, Rule 9(b) requires that facts showing fraudulent concealment, like other fraud claims, be pled with specificity" and " [m]ere conclusory allegations of fraud are insufficient." *Rodriguez v. United Airlines, Inc.*, 5 F. Supp. 3d 1131, 1136 (N.D. Cal. 2013) (citing cases).

With respect to the first element, Defendant argues Plaintiffs do not allege Defendant had knowledge of Plaintiffs' work-related injuries. (ECF No. 8 at 12.) Defendant submits Plaintiffs conflate "knowledge of exposure" with the requisite "knowledge of injury" and that Plaintiffs fail to allege they told Defendant about any of their actual injuries. (*Id.* (citing *Rodriguez*, 5 F. Supp. 3d at 1129).) In opposition, Plaintiffs assert they do sufficiently allege Defendant knew their health problems were caused by harmful exposure to Cr(VI) and that they reported health problems to Defendant. (ECF No. 19 at 5.)

"An employer's actual knowledge of the existence of an employee's injury connected with employment is a necessary prerequisite to establishing a claim against the employer for fraudulent concealment[.]" *Palestini v. General Dynamics Corp.*, 99 Cal. App. 4th 80, 93 (2002). This is because a "defendant obviously could not be charged with concealing matters which it did not know." *Foster v. Xerox Corp.*, 40 Cal. 3d 306, 312 (1985). A plaintiff's allegations are sufficient if he alleges his employer knew plaintiff's health problems were caused by harmful exposure to toxins at work, that plaintiff reported the health problems to his supervisor, and that defendant was aware the exposure to those toxins could cause harm. *Palestini*, 99 Cal. App. 4th at 93.

Here, the Court agrees with Defendant that Plaintiffs conflate "knowledge of exposure" with the requisite "knowledge of injury." (ECF No. 8 at 12.) In *Rodriguez*, plaintiffs worked in a sanding booth, alleged the sanding caused Cr(VI) particles to become airborne, and defendant was aware of the toxicity of Cr(VI) but failed to disclose that fact to plaintiffs. 5 F. Supp. 3d at 1138. The court ultimately granted defendant's motion to dismiss, noting that defendant "learned of the injuries from plaintiffs themselves." *Id.* at 1139. Similarly, other courts have required that defendant knew about the work-related injury before being told by the plaintiff. *See Hughes Aircraft Co. v. Superior Ct.*, 44 Cal. App. 4th 1790, 1795 (1996) (finding the fraudulent concealment exception "inapt" because there was "no evidence to support a finding [defendant] knew about the injuries before being told by plaintiffs"); *Chavez v. Alco Harvesting, LLC*, 102 Cal. App. 5th 866, 872 (2024) (noting defendant knew, even before decedent, that "decedent had contracted COVID-19 by virtue of [defendant's] awareness of the outbreak").

Here, like in *Rodriguez*, Plaintiffs fail to allege Defendant knew about their work-related injuries. In the FAC, Plaintiffs allege "Defendant knew that Plaintiffs and the Class would be exposed to Cr(VI) fumes when welding at the Siemens facility and did not disclose this exposure to Plaintiffs and the Class." (ECF No. 7 ¶ 26.) They also allege "workers complained about symptoms related to Cr(VI) exposure to Defendant." (*Id.* ¶ 29.) Plaintiffs further allege "Plaintiffs and other workers raised concerns to Defendant about air quality, respiratory symptoms, and the effectiveness of their protective equipment." (*Id.* ¶ 21.) Plaintiffs allege they reported health problems constituting "symptoms of Cr(VI) exposure" to Defendant — namely, including "reports of metallic tastes, unusual chemical odors, recurring nosebleeds, and respiratory irritation[.]" (*Id.*) Lastly, Plaintiffs allege Defendant knew exposure to Cr(VI) could cause harmful health impacts. (*See id.* ¶ 25 ("Defendant knew welding chrome stainless steel at the Siemens facility generated Cr(VI) fumes, which are highly toxic and recognized as an occupational hazard within the industry.").) Plaintiffs' claim that "the reasonable inference to draw from these allegations is that Defendant knew — before Plaintiffs — that their symptoms were caused by exposure to Cr(VI)." (ECF No. 19 at 6.) This is insufficient — Plaintiffs need to explicitly plead that in the complaint.

With respect to the remaining elements, the Court agrees with Defendant that, as a threshold matter, without sufficiently alleging Defendant knew about Plaintiffs' injuries, there is no way Plaintiffs can allege Defendant concealed knowledge of Plaintiffs' work-related injuries or that Plaintiffs' injuries were aggravated as a result of the alleged concealment. (ECF No. 8 at 13, 15.) The Court therefore need not and does not address the remaining elements.

However, the Court cannot determine at this juncture "that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly, the Court will grant Defendant's motion to dismiss with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. (ECF No. 8.) Plaintiffs may file an amended complaint, only to cure the deficiencies addressed herein, not later than thirty (30) days from the electronic filing date of this Order. Defendant shall file a

responsive pleading not later than twenty-one (21) days from the filing date of the amended complaint.

IT IS SO ORDERED.

DATE: August 3, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE